# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE

## Request for Modifying the Conditions or Term of Supervision
## with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

**Name of Offender:** David Cross      **Case Number:** 2:98CR00023-004

**Current Address:**

**Name of Sentencing Judicial Officer:** The Honorable Thomas Gray Hull
Senior United States District Judge

**Date of Original Sentence:** May 17, 1999

**Original Offense:** Conspiracy to Distribute and Possession with the Intent to Distribute Cocaine

**Class:** B Felony      **Criminal History Category:** IV

**Original Sentence:** 40 months imprisonment, followed by 4 years supervised release

**Revocation September 30, 2002:** 9 months imprisonment, followed by 3 years supervised release

**Modification July 22, 2003:** Participate in a program of testing and treatment for drug and/or alcohol abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer

**Type of Supervision:** Supervised Release

**Date Supervision Commenced:** June 24, 2003

**Date Supervision Expires:** June 23, 2006

**Assistant U.S. Attorney:** Dan R. Smith

**Defense Attorney:** James Bowman

---

### PETITIONING THE COURT

**To modify the conditions of supervision as follows:**

The defendant is to serve 10 consecutive weekends in jail, from Friday at 6:00 p.m. to Sunday at 6:00 p.m.

## CAUSE

While on pretrial, for the instant offense, Mr. Cross' bond was revoked after he submitted two urine screens that tested positive for marijuana and one urine screen that tested positive for cocaine. At the time he was originally sentenced for the instant offense, upon motion of the government, Mr. Cross received a downward departure due to substantial assistance. Also, the Court recommended to the Bureau of Prisons that Mr. Cross be placed in a facility that would afford him the opportunity to participate in the intensive drug treatment program. Mr. Cross completed the 500-hour residential drug program on December 8, 2000, prior to his initial term of supervised release.

Mr. Cross' initial term of supervised release began on November 23, 2001. While on supervised release, Mr. Cross submitted two urine screens that were positive for marijuana and one urine screen that was positive for cocaine. On one occasion, he failed to report for a urine screen as directed by the U.S. Probation Office's Code-A-Phone drug screen referral system. As a sanction to address Mr. Cross' non-compliance, his conditions of supervision were modified requiring him to reside at Midway Rehabilitation Center, Knoxville. After his conditions of supervision were modified, Mr. Cross later left Midway after testing positive on an alcohol check. Because he left Midway on his own, he was removed from the program. On September 30, 2002, Mr. Cross' supervised release was revoked, and he received a nine-month sentence, followed by three years supervised release. The revocation order did not note any special conditions of Mr. Cross' second term of supervised release.

Mr. Cross' second supervised release term began June 24, 2003. Due to Mr. Cross' history of substance abuse, this officer sought to have Mr. Cross' conditions of supervised release modified to include the condition that he participate in substance abuse treatment, which includes testing. Mr. Cross voluntarily signed a Waiver of Hearing form regarding that modification. The Court concurred with the proposed modification.

Mr. Cross submitted a urine screen on June 27, 2003 that was negative. Beginning in August 2003, Mr. Cross was placed in a six-month drug phase. He was required to submit urine screens as directed by the U.S. Probation Office's Code-A-Phone referral system, and to attend substance abuse groups. Between August 14, 2003 and January 12, 2004, Mr. Cross submitted 19 urine screens that were negative. Mr. Cross attended substance abuse groups as required. On January 29, 2004, he submitted a urine screen that was positive for cocaine. Initially, he denied using cocaine; however, he later admitted the use. On February 10, 2004, this officer prepared a report on offender to the Court regarding this matter. At that time, this office did not recommend that a violation warrant be issued for Mr. Cross. This officer proposed that Mr. Cross be continued in the drug phase effective February 1, 2004. The Court concurred. This officer also mailed Mr. Cross a letter of reprimand regarding this matter.

Between February 5, 2004 and March 31, 2004, Mr. Cross submitted eight urine screens that were negative. On April 8, 2004, Mr. Cross reported to submit a urine screen, as directed by the Code-A-Phone, but Comprehensive Community Services was not able to have him submit a urine screen because they had run out of urine screen supplies used for federal offenders. Mr. Cross did not report to submit a urine screen on April 13, 2004, as directed by the Code-A-Phone. He reported that he had car trouble, and provided documentation regarding that matter. On April 14, 2004, this officer

contacted Mr. Cross and instructed him to report to Comprehensive Community Services on April 14, 2004, to submit a urine screen. He submitted a urine screen on that date as instructed, with negative results.

From April 14, 2004 to May 11, 2004, Mr. Cross submitted five urine screens that were negative. On May 17, 2004, he failed to report for a urine screen as directed by the Code-A-Phone. Mr. Cross reported the reason he did not report for the urine screen was that he sought emergency room treatment for a kidney stone. This officer obtained documentation regarding his emergency room treatment on May 17, 2004. On May 18, 2004, Mr. Cross was instructed to report to Comprehensive Community Services to submit a urine screen.

Between May 18, 2004 and July 16, 2004, he submitted nine urine screens that were negative. Mr. Cross failed to report for a urine screen on July 27, 2004, as directed by the Code-A-Phone. His reasons for not reporting to submit a urine screen were that he had to accompany his pregnant girlfriend to a doctor's appointment, and he was meeting with a realtor to see a house.

On August 11, 2004, a non-compliance conference was held for Mr. Cross, with Supervising U.S. Probation Officer David Nanney and this officer. This non-compliance conference was held due to his failure to submit a urine screen on July 27, 2004, as directed by the Code-A-Phone. At that time, Mr. Cross was instructed to call the Code-A-Phone every day until further notice. He was told that he will not miss any further appointments for drug screens and that he will attend at least two counseling group sessions per month.

Between August 3, 2004 and October 18, 2004, Mr. Cross submitted 12 urine screens. All of those urine screens were negative.

Since August 2003, Mr. Cross has been required to participate in two substance abuse groups per month. On October 29, 2004, a representative of Comprehensive Community Services reported that Mr. Cross failed to attend two groups during October. After learning that information, this officer instructed Mr. Cross to report to the U.S. Probation Office regarding this matter. Mr. Cross reported on November 3, 2004. At that time, due to Mr. Cross' failure to attend substance abuse group, it was proposed that his conditions of supervised release be modified to include the condition that he serve 10 consecutive weekends in jail. Because Mr. Cross was waiting to find out if he could secure a better job, Mr. Cross was given time to consider the proposed modification. He was instructed to contact this officer by November 12, 2004, regarding his decision in this matter. On November 12, 2004, Mr. Cross contacted this officer reporting that he would sign the proposed modification.

Mr. Cross submitted a urine screen on November 2, 2004 that was negative.

From approximately November 2003 to January 6, 2004, Mr. Cross was employed by West Side Radiator, Johnson City. According to Eugene Legg, owner of that business, he would not re-hire Mr. Cross. Mr. Legg reported that Mr. Cross would not report to work every day and that Mr. Cross was late in the mornings. Mr. Legg also noted that Mr. Cross got mad and quit that employment. From March 15, 2004 through October 20, 2004, Mr. Cross was employed by TPI Corporation, Gray. According to a TPI Human Resources Assistant, the reason Mr. Cross left that company was due to violation of company policy, three days no call or no show. He would not be considered for re-hire. Mr. Cross currently has a temporary job assignment at Owens Corning, Johnson City.

A Waiver of Hearing form signed by the offender is attached. If the Court concurs with the proposed modification, this officer plans to request that the Bureau of Prisons designate Mr. Cross to the Bristol, Virginia, Jail. That jail is closer to Mr. Cross' residence than any jail in the Eastern District of Tennessee, to which the Bureau of Prisons is designating inmates.

On November 19, 2004, Dan Smith, Assistant United States Attorney, was notified of the proposed modification, and has no objections.

Respectfully submitted,

Tressa Treadway
U.S. Probation Officer

Approved by:

M. David Nanney    12/2/04
Supervising U.S. Probation Officer    Date

TWT/jb

---

**ORDER OF COURT:**

**The conditions of supervision are hereby modified as follows:** The defendant is to serve 10 consecutive weekends in jail, from Friday at 6:00 p.m. to Sunday at 6:00 p.m.

So ordered.

**ENTER.**

The Honorable J. Ronnie Greer
United States District Judge

12/3/04
Date

PROB.12B
12/00

PROB 49
EDTN79 - 1/98

Waiver of Hearing to Modify Conditions
of Probation/Supervised Release or Extend Term of Supervision

# UNITED STATES DISTRICT COURT
## for the
## EASTERN DISTRICT OF TENNESSEE

### David Cross
### Docket # 2:98CR00023-004

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation or my period of supervision being extended. By 'assistance of counsel', I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the Court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation:

**The defendant is to serve 10 consecutive weekends in jail, from Friday at 6:00 p.m. to Sunday at 6:00 p.m.**

Witness: _____  Signed: _____
U.S. Probation Officer            Probationer or Supervised Releasee

11-12-04
DATE